**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JULIO CESAR MARTELL,<br><br>Plaintiff,<br><br>v.<br><br>JAIMIE BAKER, et al.,<br><br>Defendants. | Case No.  14-cv-04723-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[Re:  ECF 18] |

Having successfully settled the underlying federal and state fair debt collection law claims in this case, the parties were unable to reach agreement on the proper amount of attorneys' fees due to Plaintiff Julio Cesar Martell.  *See* Pl.'s Mot., ECF 18.  This Court is only too glad to step in and decide this issue.  For the reasons stated herein, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.[1]

## I.    BACKGROUND

This action arose out of the alleged attempt by defendants Jaimie Baker, d/b/a Baker Recovery Services, and Juana Trejo, a/k/a Juana Trejo-Baker, d/b/a Law Offices of Juana Trejo (collectively, "Defendants") to garnish Plaintiff's wages in order to satisfy a defaulted consumer debt incurred by Plaintiff's ex-wife.  Compl. ¶ 1, ECF 1.  Plaintiff filed the Complaint in this action on October 23, 2014, alleging that Defendants' collection activities violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*  Compl. ¶¶ 2-4.  On February 11, 2015, before the parties had made any court appearances or engaged in any motion

---

[1] The Court finds this matter suitable for submission without oral argument and accordingly VACATES the July 2, 2015 hearing on the motion. Civ. L.R. 7-1(b).

United States District Court<br>Northern District of California

practice, Defendants made a settlement offer pursuant to Federal Rule of Civil Procedure 68. Notice of Acceptance With Offer, ECF 15.  Plaintiff accepted the offer and notified the Court on February 25, 2015.  *Id.*  On March 12, 2015, the Court entered judgment in Plaintiff's favor pursuant to the parties' agreed settlement.  J., ECF 16.

## II.   LEGAL STANDARD

The FDCPA permits a plaintiff to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court" in connection with a successful action against a debt collector under the Act.  15 U.S.C. § 1692k(a)(3).  "[C]ourts have discretion in calculating reasonable attorney's fees under this statute."  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 598 (2010).[2]

"District courts must calculate awards for attorneys' fees using the 'lodestar' method, and the amount of that fee must be determined on the facts of each case."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (internal quotation marks and citations omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997).  The moving party bears the burden of providing relevant documentation demonstrating the reasonableness of the hours spent on the litigation.  *Hensley*, 461 U.S. at 433.  In the absence of adequate documentation supporting the number of hours expended on the lawsuit, "the district court may reduce the award accordingly."  *Id.*  "The district court also should exclude from this initial [lodestar] calculation hours that were not 'reasonably expended.'"  *Id.* at 434 (quoting S.Rep. No. 94-1011, p. 6 (1976)).  When determining the reasonable hourly rate, the court must weigh the "experience, skill, and reputation of the attorney requesting fees," and compare the requested rates to prevailing market rates.  *Chalmers v. City of Los Angeles,* 796

---

[2] Although the United States Supreme Court recognized a split among the lower courts in connection with the mandatory nature of the § 1692k(a)(3) award, *see Jerman*, 559 U.S. at 599 n.16, the Ninth Circuit has deemed this award mandatory, *see Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1032 (9th Cir. 2012).

United States District Court
Northern District of California

F.2d 1205, 1210 (9th Cir. 1986) *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir.

1987); *see also Blum v. Stenson*, 465 U.S. 886, 886 (1984).  Once calculated, the lodestar amount,

which is presumptively reasonable, may be further adjusted based on other factors not already

subsumed in the initial lodestar calculation.  *Morales*, 96 F.3d at 363-64, 363 nn.3-4 (identifying

factors) (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

## III.    DISCUSSION

### A.    Reasonable Hourly Rates

First, the Court must determine whether Plaintiff's attorneys' rates are reasonable, as

determined by "the prevailing market rates in the relevant community."  *Blum*, 465 U.S. at 886.

The market rates used in this comparison should pertain to attorneys with similar "skill,

experience, and reputation" to the moving attorneys.  *Chalmers*, 796 F.2d at 1211(citing *Blum*,

465 U.S. at 895 n.11).

Plaintiff seeks to recover fees for work performed by two attorneys: Fred W. Schwinn and

Raeon R. Roulston.  Pl.'s Mot. 3.  Mr. Schwinn's hourly rate is $500 per hour.  Decl. of Fred W.

Schwinn ¶ 12, ECF 18-1.  Mr. Roulston's hourly rate is $400 per hour.  Decl. of Raeon Roulston ¶

11, ECF 18-3.  Mr. Schwinn has approximately 17 years of experience and Mr. Roulston has

approximately 7 years of experience, and both attorneys specialize in consumer credit litigation.

Schwinn Decl. ¶¶ 4-5; Roulston Decl. ¶¶ 4-5, 8; Decl. of Ronald Wilcox ¶¶ 17-19, ECF 18-4.  As

such, courts in this district have found Mr. Schwinn's and Mr. Roulston's prior rates reasonable in

similar cases.  *See De Amaral v. Goldsmith & Hull*, No. 12-CV-03580-WHO, 2014 WL 1309954,

at *3 (N.D. Cal. Apr. 1, 2014) (finding $450 per hour rate for Mr. Schwinn and $350 per hour rate

for Mr. Roulston reasonable); *see also Rivera v. Portfolio Recovery Associates, LLC*, No. C 13-

2322 MEJ, 2013 WL 5311525, at *4 (N.D. Cal. Sept. 23, 2013) (finding Mr. Schwinn's hourly

rate of $450 reasonable).

In order for the party opposing the requested fee to rebut the "accuracy and

reasonableness" of the hourly rates, the non-moving party is required to submit evidence

challenging the "facts asserted by the prevailing party in its submitted affidavits." *Camacho*, 523

F.3d at 980 (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992)).  In this

United States District Court
Northern District of California

instance, Defendants have provided insufficient evidence to rebut the reasonableness of the requested hourly rates.  Although Defendants are correct in noting that Mr. Schwinn's and Mr. Roulston's hourly rates in past years were $50 per hour less than requested in the present motion, attorneys are not required to maintain their rates indefinitely.  *See* Defs.' Opp. 9, ECF 19.  Indeed, Plaintiff has submitted the expert declarations of other practitioners in the same locality and area of law attesting to the reasonableness of Mr. Schwinn's and Mr. Roulston's requested hourly rates based upon their respective experience and the rates of similar attorneys in the area.  Wilcox Decl. ¶¶ 16-19; Decl. of Scott Maurer ¶ 6, ECF 18-5.  Defendants have submitted no evidence to rebut this testimony and, as such, the Court has no reason to question its veracity.  The Court thus finds that Plaintiff has sufficiently demonstrated that his attorneys' requested hourly rates are reasonable based on prevailing market rates for attorneys with similar experience and skill.

> **B.** **Reasonableness of Hours Expended**

Plaintiff requests fees totaling $9,260 based on 20.30 hours of attorney time expended prosecuting this case (11.40 hours for Mr. Schwinn and 8.90 hours for Mr. Roulston, which includes 4 hours for drafting the reply brief).

In calculating the lodestar, the Court can reduce hours when documentation is inadequate, or when the requested hours are redundant, excessive, or unnecessary.  *Hensley*, 461 U.S. at 433-34.  It is inadequate for the Court to "uncritically" accept the plaintiff's representations of hours expended; rather, the Court must assess the reasonableness of the hours requested.  *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984).  When attorneys expend time litigating a "cookie cutter" action with nearly identical papers filed in the same Court, a reduction in hours may be especially warranted.  *See Owens v. Brachfeld*, No. C 07-4400 JF(PVT), 2008 WL 5130619, at *2 (N.D. Cal. Dec. 5, 2008) (reducing hours expended on motions by 50% due to substantial similarities with other motions Mr. Schwinn had filed in other cases).  While the Court does not intend to criticize Plaintiff's counsel for "choosing not to reinvent the wheel every time a fair debt collection action is brought," *id.*, it is unlikely that such duplicative work would be billed to a client.  *See Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise

1  unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from

2  his fee submission [to a client]." ).

3          Turning to the major expenditures billed in this case, Mr. Schwinn spent 4.5 hours in

4  drafting the Complaint and Mr. Roulston spent 3 hours preparing the fees motion before the Court,

5  as well as 4 hours on the reply brief.  Schwinn Decl. Exh. A; Pl.'s Reply 10, ECF 19.  Defendants

6  argue that the hours billed for drafting the Complaint are excessive, and thus should be cut in half.

7  Defs.' Opp. 9.  The Court agrees that 4.5 hours is excessive in light of the fact that the Complaint

8  is strikingly similar to that filed in *Bentkowsky v. Benchmark Recovery Inc*, No. 5:13-CV-01252-

9  VC-JCS, ECF 1 (filed Mar. 20, 2013), a case that Plaintiff relies upon in support of his motion.

10 *See* Pl.'s Mot. 7.  In *Bentkowksy*, Mr. Schwinn requested 3.1 hours in connection with the drafting

11 of the complaint, and the Court perceives no significant difference in the pleadings to justify the

12 additional 1.4 hours billed in this case.  *See* Order Granting Mot. For Att'y Fees and Costs, No.

13 5:13-CV-01252-VC-JCS, ECF 109.  Moreover, a senior attorney with Mr. Schwinn's extensive

14 experience would be expected to be much more efficient at the cut-paste-modify job of preparing

15 the Complaint taken from others drafted by him.  The Court will therefore allow 2.5 hours for the

16 preparation of the Complaint.

17         Similarly, although the hours spent drafting a motion for attorney's fees can rightfully be

18 incorporated into the lodestar calculation, the Court can reduce those hours that are unreasonable

19 or excessive.  *Camacho*, 523 F.3d at 983.  As with the Complaint, the fees motion submitted in

20 this case is strikingly similar to that filed in *Bentkowsky*.  *Compare* Pl.'s Mot. *with* Mot. for Att'y

21 Fees and Costs, No. 5:13-CV-01252-VC-JCS, ECF 105.  The Court shall therefore reduce the

22 hours expended on the fees motion by 1.5 hours and award 1.5 hours.  *See Brown v. Mandarich*

23 *Law Grp., LLP*, No. 13-CV-04703-JSC, 2014 WL 1340211, at *5 (N.D. Cal. Apr. 2, 2014).  Due

24 to the fact-intensive nature of the reply brief, the Court will award the full 4 hours requested for

25 completing that task.  *See* Pl.'s Reply 10.

26         Defendants next argue that Mr. Schwinn and Mr. Roulston unnecessarily double-billed for

27 a 1.5 hour meeting with Plaintiff on February 2, 2015, asserting that only one attorney was

28 required to be present.  Schwinn Decl. Exh. A; Defs.' Opp. 9.  Plaintiff avers that the meeting was

United States District Court
Northern District of California

1    "reasonable and necessary" to discuss Defendants' document production and arguments for

2    dismissal and that both Mr. Schwinn and Mr. Roulston needed to be present, both because Mr.

3    Roulston spoke to Plaintiff's son separately while Mr. Schwinn spoke to Plaintiff and to eliminate

4    the need for a translator, because Plaintiff speaks limited English and Mr. Roulston speaks

5    Spanish.  Pl.'s Reply 9-10.  The Court concludes that the 3 hours billed for meeting with Plaintiff

6    (1.5 hours each for Mr. Schwinn and Mr. Roulston) was reasonable to gauge how the client

7    wished to proceed with the case.

8         Additionally, a number of Plaintiff's attorneys' time entries for clerical tasks or for

9    unreasonably duplicative tasks will be stricken or consolidated.  Hours billed for tasks that are

10   "clerical in nature," such as "filing, transcript, and document organization time" should be a part

11   of the attorney's overhead rather than part of the hours billed.  *Nadarajah v. Holder*, 569 F.3d 906,

12   921 (9th Cir. 2009); *see also Santiago v. CACH LLC*, No. 13-cv-02234-JST, 2013 WL 5945805,

13   at *4 (N.D. Cal. Nov. 4, 2013).  Here, the Court concludes that the requested hours should be

14   reduced by 1.2 hours for Mr. Schwinn and by 0.1 hours for Mr. Roulston due to the clerical nature

15   of the following tasks: (1) drafting the Civil Cover Sheet and proposed summons on October 23,

16   2014; (2) receiving and reviewing the "Clerk's Notice Assigning Case to Magistrate Judge

17   Howard R. Lloyd" on October 24, 2014; (3) drafting the return of summons as to Juana Trejo on

18   November 17, 2014; (4) drafting ADR certification for parties and counsel on January 23, 2015;

19   (5) receiving and reviewing the "Clerk's Notice of Impending Reassignment" on February 10,

20   2015; (6) drafting a Notice of Appearance of Mr. Roulston on February 10, 2015; (7) receiving

21   and reviewing the "Order Reassigning Case" on February 11, 2015; (8) receiving and reviewing

22   judgment on March 12, 2015; and (9) revising and editing the attorney fee bill on March 23, 2015.

23   *See* Schwinn Decl. Exh. A.  Moreover, Mr. Schwinn's separate time entries regarding two related

24   emails on December 18-19, 2014 shall be consolidated into one 0.1 hour increment.  *See Brown*,

25   2014 WL 1340211, at *4 (consolidating entries spent on related tasks).

26        Lastly, the fee anticipated in Plaintiff's reply brief to prepare and attend a hearing on the

27   fees motion will not be granted, as a hearing on the matter did not occur.  *See* Pl.'s Reply 10.

28

United States District Court
Northern District of California

### C.   Lodestar Calculation

Based on the foregoing, the total lodestar calculation in this case is $6,970 for 15.4 hours of attorney time broken down as follows.

**Mr. Roulston**: The Court awards Mr. Roulston $2,920 for 7.3 hours of the total hours requested, based on the aforementioned reductions.

**Mr. Schwinn**: The court awards Mr. Schwinn $4,050 for 8.1 hours of the total hours requested, based on the aforementioned reductions.

### D.   Across-the-Board Reduction in Hours is Not Warranted

Defendants request a further deep reduction in fees due to their belief that Plaintiff's counsel prolonged the case to extract increased fees.  Defs.' Opp. 4-6.  Although the Court is sympathetic to this concern and does not condone such a practice, the record simply does not bear out this charge.

After the lodestar is determined, the Court may apply an across-the-board reduction, although "[o]nly in rare instances should the lodestar figure be adjusted on the basis of other considerations." [3]  *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994).  "[U]nreasonably prolonging a legitimate suit is a reason to reduce fees."  *Jankey v. Poop Deck*, 537 F.3d 1122, 1132 (9th Cir. 2008).  Indeed, the Ninth Circuit has previously affirmed a 50% reduction in Mr. Schwinn's fees where the district court found that he "prolonged settlement negotiations by, for example, demanding more than originally demanded after having received Defendants' counter-

---

[3] The factors typically considered include, but are not limited to, those set forth in *Kerr*:

> (1)     the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. These guidelines are consistent with those recommended by the Code of Professional Responsibility of the American Bar Association, Disciplinary Rule 2-106.

*Kerr*, 526 F.2d at 70.

1    offer," thereby unreasonably increasing the amount of time he spent in prosecuting the matter.

2    *Giovannoni v. Bidna & Keys, a Prof'l Law Corp.*, No. C 05-01654 JF(HRL), 2006 WL 709016, at

3    *1 (N.D. Cal. Mar. 20, 2006), *affirmed in relevant part by Giovannoni v. Bidna & Keys*, 255 F.

4    App'x 124, 126 (9th Cir. 2007).

5        In support of their argument for a reduction here, Defendants reference Mr. Schwinn's

6    silence in response to Defendant Baker's request for a settlement demand, as well as email

7    exchanges between both parties' counsel as evidence that Plaintiff's attorneys "refused to discuss

8    the case." Defs.' Opp. 6; Decl. of Jaimie Baker ¶ 15, ECF 19-1; *id.* Exh. H; Decl. of Brandon L.

9    Reeves ¶¶ 2-3, ECF 19-2; *id.* Exhs. I-J. This evidence establishes, at most, a preliminary

10   discussion to discuss settlement and, given the preliminary nature of these discussions, the hours

11   expended thereafter were not unreasonable. After Mr. Baker's initial communication with Mr.

12   Schwinn requesting a settlement demand on November 10, 2014, counsel expended brief and

13   largely appropriate efforts to bring the case to conclusion. Schwinn Decl. Exh. A. Time sheets

14   show approximately 6 hours expended up until the acceptance of Defendants' settlement offer, and

15   3 of those hours were devoted to the face to face meeting between Plaintiff and his attorneys to

16   discuss resolution of the case. *Id.* Critically, unlike in *Giovannoni*, once Defendants took the

17   concrete step of serving Plaintiff with a formal Rule 68 Offer, Plaintiff accepted. Notice of

18   Acceptance With Offer; *compare Giovannoni*, 2006 WL 709016, at *1-2. As such, the Court

19   declines to use informal negotiations, taken in hindsight, to determine if further litigation was

20   warranted. *De Amaral*, 2014 WL 1309954, at *6 (citing *Ortiz v. Regan*, 980 F.2d 138, 140 (2d

21   Cir. 1992)). Although other plaintiffs might have chosen to make a settlement demand sooner, the

22   Court finds that Plaintiff's attorneys did not, as a whole, act unreasonably in the manner alleged

23   by Defendants. In any case, as the Court has already carefully considered Plaintiff's attorney bill

24   line-by-line and stricken unreasonable hours expenditures in calculating the lodestar amount, no

25   further reduction is warranted.

26       **E.**     **Costs**

27        Plaintiff seeks $561.63 in costs. *See* Schwinn Decl. Exh. A. These costs are not contested

28   by Defendants, are reasonable, and will be granted in full subject to one caveat. The Court notes

United States District Court
Northern District of California

8

that Plaintiff also submitted a Bill of Costs in this case that duplicates some of the costs requested in this motion.  Bill of Costs, ECF 17.  To the extent Plaintiff has already recovered the costs set forth in the Bill of Costs, that amount may not be recovered again in connection with this order.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Attorneys' Fees and Costs is GRANTED IN PART and DENIED IN PART.  Plaintiff shall recover attorneys' fees in the amount of $6,970 and costs in the amount of $561.63 to the extent not already recovered through his Bill of Costs.

**IT IS SO ORDERED.**

Dated: June 25, 2015

_____
BETH LABSON FREEMAN
United States District Judge